GRIMES, Judge.
In this appeal from a judgment of marriage dissolution, the husband complains that the trial court erred in failing to grant him a special equity in the marital home.
The parties were married in 1979. The home was purchased in December of 1980 for $46,000. Title was placed in the parties’ names as tenants by the entireties. .The $6,000 down payment was furnished by the husband from a source totally unconnected to the marital relationship. There was no evidence that the husband intended the down payment as a- gift to the wife.
This case is controlled by Landay v. Landay, 429 So.2d 1197 (Fla.1983), in which the supreme court stated:
[T]he correct formula to be used in situations where a spouse furnishes some but not all of the consideration for entireties property, may be stated thusly: in addition to that spouse’s automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse’s contribution bears to the entire consideration.
429 So.2d at 1200. Applying the Landay formula to the case at hand, the husband is entitled to a special equity in the marital home of &h% ($6,000 -h $46,000 X ⅞).
Accordingly, the final judgment is reversed to the extent that the husband shall be entitled to a 56V2% interest in the marital home. Pursuant to the provisions of the judgment, at such time as the home is sold, the husband should be credited with 56⅝% of his payments made on mortgage principal during the time the wife has retained exclusive possession in order to raise the children. We affirm the judgment in-all other respects.
BOARDMAN, A.C.J., and DANAHY, J., concur.