458 So.2d 1186 (1984)
Wade CLEGG and Christine Clegg, Jointly and Severally, Appellants,
v.
CHIPOLA AVIATION, INC., Appellee.
No. AZ-87.
District Court of Appeal of Florida, First District.
November 9, 1984.
Michael J. Korn of Boyer, Tanzler & Boyer, Jacksonville, for appellants.
*1187 George J. Little, Marianna, for appellee.
MILLS, Judge.
The Cleggs appeal a final judgment entered in favor of Chipola Aviation, Inc. (Chipola) on its claim for money owed pursuant to a contract between the parties for a charter flight. We affirm.
Mr. and Mrs. Clegg, owners of a Jacksonville art and antique shop, contacted Chipola in May 1982 to arrange air transportation for Mrs. Clegg and a Miami businessman to Los Angeles, California, for negotiation of a business deal. Chipola told Mrs. Clegg that payment for the flight ($14,700) had to be made in advance in cash or by credit card. Mrs. Clegg could not meet this condition. She claims that two conference calls then took place between herself, Chipola, Mrs. Kharufeh, a party to the California deal, and her business partner in Australia, John Corrigan, whereby Corrigan agreed to wire sufficient funds to pay for the flight. Chipola testified that the only party with whom it dealt during the negotiations for the flight was Mrs. Clegg, who informed it that payment in cash would be made upon arrival in California to which Chipola agreed.
In California, Chipola received Mrs. Kharufeh's personal check for $10,000. Mrs. Clegg testified that Chipola accepted the check as payment from Mrs. Kharufeh. Chipola stated that the check was given to it by Mrs. Clegg. Mrs. Clegg claims that Chipola demanded and received long distance assurance from Corrigan that the check was "good" before accepting it. Chipola testified that no contact was had with Corrigan until after acceptance of the check, as the Clegg party was leaving Los Angeles.
Enroute to Jacksonville, Mrs. Clegg agreed to pay the balance of $4,700 in cash upon arrival. Instead, Chipola was given a $2,700 check drawn on the Cleggs' business account and a topaz ring, belonging to Mrs. Clegg. When Chipola attempted to negotiate the $10,000 check, it was returned marked "insufficient funds." No attempt was made to cash Mrs. Clegg's $2,700 check, as the bank informed Chipola several times that there were not sufficient funds to cover it.
Chipola sued. A bench trial followed, resulting in a final judgment holding the Cleggs jointly and severally liable for the balance owed on the charter flight.
The Cleggs allege that this judgment was erroneous because it was not supported by competent evidence that they and not the California parties were responsible for the debt. We disagree.
The testimony was conflicting on the key issue of whether Chipola understood itself to be contracting with the Cleggs or the California parties. It is well established that
it is the function of the trial court to evaluate and weigh the testimony and other evidence to arrive at findings of fact. It is not our function to reweigh the evidence nor to substitute our judgment for that of the trial court. However, we must look to whether the judgment of the trial court is supported by competent evidence.
Puritz v. Rosen, 442 So.2d 278, 280 (Fla. 4th DCA 1983). Even more compelling in this case is the rule of law which states:
The resolution of factual conflicts by a trial judge in a nonjury case will not be set aside on review unless totally unsupported by competent substantial evidence.
Concreform Systems, Inc. v. R.M. Hicks Construction Co., 433 So.2d 50 (Fla. 3d DCA 1983).
Here, the court's resolution of these conflicts on behalf of Chipola is supported by the testimony of Chipola's president and his wife, both of whom dealt with the Cleggs in negotiating the flight, and by Amil El Gabalawi, one of Mrs. Kharufeh's associates in Los Angeles, who testified that he could recall no conference calls including Chipola on the night the flight was arranged. It is also significant that Mrs. Clegg undertook to pay the balance of the debt, indicating an acknowledgment of her responsibility for the flight. There is *1188 competent evidence to support the trial court's decision that Chipola contracted for the charter with the Cleggs only and that they are responsible for the payment.
The Cleggs also claim that if they made any agreement, it was an oral agreement to answer for the debt of the California parties. Because the Statute of Frauds (Section 725.01, Florida Statutes (1983)) requires such an agreement to be in writing, the Cleggs claim the court erred in failing to invalidate it. Again, we must disagree.
The contract did not consist of the Cleggs' agreement to pay for the flight if the California parties failed to do so; rather, the contract consisted of Chipola's agreement to undertake the charter in return for the Cleggs' assurance of payment in California. The trial court did not err in finding the contract was not required to be in writing.
The Cleggs' third point on appeal is without merit.
The judgment of the trial court is affirmed.
ERVIN, C.J., and ZEHMER, J., concur.