638 So.2d 138 (1994)
Donald O. VANDYK, Appellant,
v.
SOUTHSIDE GUN, INC., n/k/a Southside Gun & Pawn Outlet, Inc., Appellee.
No. 93-1381.
District Court of Appeal of Florida, First District.
June 8, 1994.
Jefferson W. Morrow of David & Morrow, P.A., Jacksonville, for appellant.
Christopher C. Hazelip of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.

ON MOTION FOR REHEARING GRANTED
SMITH, Judge.
Vandyk has appealed a final summary judgment contending that it was entered prematurely and that the trial court should have granted his motion for continuance of the summary judgment hearing to enable him to secure an affidavit in opposition to the motion. We rendered an earlier opinion reversing the final summary judgment, and Southside Gun filed a motion for rehearing supplementing the record with a heretofore unavailable notice of hearing, in which it is stated that counsel for Vandyk did not object to a hearing on the motion for summary judgment in less than the 20 days prescribed in Florida Rule of Civil Procedure 1.510(c). In our prior opinion, this court had sua sponte noted this perceived dereliction of Florida Rule of Civil Procedure 1.510(c) and commented upon it. Having now been apprised of these additional facts, we grant appellee's motion to rehear the cause, withdraw our previous opinion and substitute this opinion. However, because this perceived dereliction of Rule 1.510(c) was not the basis of our reversal, we adhere to our previous disposition and reverse.
*139 Ronald T. Agee was charged with the attempted second degree murder of Vandyk, whom he shot outside a Jacksonville lounge. Vandyk was rendered comatose as a result of the shooting and was unable to assist the prosecution. Because of this and the lack of other witnesses, the state entered a nolle prosequi. Later, Vandyk emerged from the coma, and other witnesses were located. The state refiled an information charging Agee with premeditated attempted first degree murder. However, because Agee had earlier filed his written demand for speedy trial and the time had elapsed under the speedy trial rule, the trial court dismissed the charge. This court affirmed. State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991). This court's decision was approved by the Florida Supreme Court on July 1, 1993. State v. Agee, 622 So.2d 473 (Fla. 1993).
In the meantime, Vandyk filed a civil suit against the lounge, its owner and operator, Agee, Southside Gun, and others. The claim against Southside Gun is premised on the allegations that Southside Gun sold a firearm to Agee when Southside Gun knew or should have known that Agee was a convicted felon. Vandyk alleged medical bills in excess of one million dollars, that he has remained partially paralyzed in the right arm and right side as the result of a stroke, has lost cognitive abilities, can barely speak, and has suffered severe brain damage.
Southside Gun moved for final summary judgment, and in support thereof, filed the deposition of its CEO, Wayne Miller. In his deposition, Miller testified that Southside Gun never sold a gun to a man named Agee; that every gun sale at Southside Gun required, as a matter of federal law, a form 4473 to be filled out by the buyer and no such form existed as to a purchase by Agee; that preparation of the 4473 is a requirement of law which Southside Gun took seriously because failure to complete the form results in serious legal consequences, and that there were no missing guns in Southside Gun's inventory which were unaccounted for by the presence of a form 4473. The motion was served by mail on March 22, 1993, and filed March 23, 1993. The hearing was scheduled April 2, 1993.
In opposition to the motion, counsel for Vandyk prepared an affidavit in which he stated that he received a call from Agee after he filed the complaint and that Agee told him he bought the gun used to shoot Vandyk from Southside Gun. Counsel stated he had attempted to take the deposition of Agee to oppose the summary judgment motion, but Agee refused to give a deposition until the Florida Supreme Court resolved the state's appeal. Counsel moved to continue the summary judgment hearing until such time as he could secure an affidavit from Agee. Inexplicably, rather than hand delivering this affidavit to counsel for Southside Gun, which would have made it timely,[1] counsel served the affidavit by mail on March 31, 1993, the same day it was filed.
After the hearing, a transcript of which is not in the record on appeal, the trial court issued its order granting summary judgment in favor of Southside Gun. Shortly thereafter, the trial court entered an amended order striking the affidavit of counsel for Vandyk due to untimeliness and denying the motion for continuance contained within the affidavit.
Although Southside Gun's motion for summary judgment was not served 20 days before the time fixed for the summary judgment hearing as required by Rule 1.510(c), Florida Rules of Civil Procedure, we have been assured by counsel for Southside Gun that counsel for Vandyk did not object to the hearing of this motion in less than 20 days. However, regardless of his consent, Vandyk had very little time to take discovery steps upon learning of the motion for summary judgment. See Stanley v. Bellis, 311 So.2d 393 (Fla. 4th DCA 1975).
*140 Instead, Vandyk's counsel prepared the affidavit already alluded to, which was filed before, but stricken after, entry of the summary judgment. This affidavit does set forth reasons why Vandyk was unable to present facts essential to justify his opposition to the motion. Moreover, the affidavit presents the very real possibility that given additional time, counsel could garner additional evidentiary facts necessary to a resolution of the motion. As this court stated in Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., 108 So.2d 641, 644 (Fla. 1st DCA 1959):
The rule authorizing the summary final disposition of cases by judgment or decree does not contemplate that the motion will be granted in those cases where because of peculiar circumstances a party is unable on short notice to interrogate witnesses and procure affidavits or depositions in opposition to the motion asserted by his opponent. Public policy requires that our courts be ever vigilant in making summary disposition of causes lest the application of the rule result in eroding or destroying the fundamental right of litigants under our system of jurisprudence to have the issues made by the pleadings tried by a jury of fellow citizens. The importance of preserving the jury system, and the concomitant right of a litigant to a jury trial on the merits of his cause, should be zealously protected.
While we appreciate the trial court's insistence upon counsel's compliance with the rules of procedure, a strict adherence to the filing requirements of Rule 1.510(c) does not appear appropriate under the circumstances. We conclude that the trial court's granting of summary judgment was an abuse of discretion, and we therefore REVERSE.
BARFIELD and LAWRENCE, JJ., concur.
NOTES
[1] Rule 1.510(c), Florida Rules of Civil Procedure, governing motions for summary judgments, provides in pertinent part:

(c) Motion and proceedings thereon. The motion ... shall be served at least 20 days before the time fixed for the hearing. The adverse party may serve opposing affidavits by mailing the affidavits at least 5 days prior to the day of the hearing, or by delivering the affidavits to the movant's attorney no later than 5:00 PM two business days prior to the day of the hearing.