670 So.2d 165 (1996)
CITY OF JACKSONVILLE, Appellant/Cross-Appellee,
v.
Joseph B. FORSHEE, Appellee/Cross-Appellant.
No. 94-3433.
District Court of Appeal of Florida, First District.
March 25, 1996.
*166 John A. Delaney, General Counsel; Thomas R. Welch, Acting General Counsel; Bruce Page, Assistant General Counsel, Office of General Counsel, Jacksonville, for Appellant/Cross-Appellee.
Paul M. Harden, Jacksonville, for Appellee/Cross-Appellant.
PER CURIAM.
The City of Jacksonville (City) appeals a judgment requiring it to provide Joseph B. Forshee, a former city council member, with a pension, even though he never enrolled in or made contributions to the City's pension plan. Forshee relies on a statute requiring municipalities to pay pensions out of their annual budgets to certain retired elected officials "when no other plan is available." § 112.048(2), Fla.Stat. (1993). He argued successfully below that the City's pension plan does not qualify as an "other plan" because it was not established by city ordinance. The City maintains that a pension plan was available which Forshee could have joined while he was serving as an elected official, but that he never applied. Under the City's view, an "other plan" need not be established by ordinance in order to be "available." We agree and reverse.
Thirty-six months after leaving office, Forshee filed a complaint against the City seeking a declaratory judgment regarding his rights under section 112.048, Florida Statutes. Section 112.048, Florida Statutes (1993) provides:
(1) The intent of the Legislature is to authorize and direct each city and town to provide a system of retirement for elected officials, but it is further the intent that each city or town may determine whether the system will be contributory or noncontributory.
(2)(a) From and after June 3, 1939, whenever any elective officer of any city or town of this state has held any elective office of such city or town for a period of 20 years or more consecutively, ... such elective officer may voluntarily resign or retire from such elective office with the right to be paid, and he shall be paid on his own requisition by such city or town during the remainder of his natural life, a sum equal to one-half of the full amount of the annual or monthly salary that such city or town was authorized by law to pay said elective officer at the time of his resignation or retirement; and such city and town shall appropriate and provide in its annual budget sufficient moneys to meet the requirements of this section when no other plan is available for elected local officials....
. . . .
(3) Each city or town may by ordinance establish a contributory retirement system for those officials defined in subsection (2). The rules for participation, the amount of the official's contributions, and the method of appropriation and payment may be determined by ordinance of the city or town.
*167 (Emphasis added.)[1] On June 30, 1991, when Forshee voluntarily left office, his annual salary was $24,496. He served as an elected member of the Jacksonville City Council from July 1, 1971, to June 30, 1991.
The circuit court found that the City had a pension plan.[2] The circuit court concluded, however, that Forshee was entitled to receive a pension on grounds that the City's pension plan had not been established by ordinance.[3] Instead of ordering the City to furnish the statutory benefits, however, the trial court ordered the City to "instate" Forshee into the City's plan.[4]
Forshee is not entitled to be enrolled in the City's plan on a subsidized basis at this late date. First and foremost, his complaint for declaratory judgment asks for no such relief. The complaint is predicated solely on "Section 112.048, Florida Statutes." At trial, Forshee testified that he never applied to join the pension plan. Although he did testify that an unidentified person misinformed him a) that the plan was not open to council members; and b) that the plan was unavailable to people with physical handicaps, Forshee abandoned any claim of equitable estoppel[5] at oral argument. Counsel stated, "I am not arguing equitable estoppel. We did not plead that in our complaint. We are entitled to payment under the terms of the statute [section 112.048] and we have not sought equitable relief."
Section 112.048 does not require municipalities to dip into their operating budgets to pay pensions to retired elected officials if another pension plan is "available for elected officials." There is no requirement that a plan be established by ordinance in order to be deemed an available "other plan" for purposes of subsection (2)(a). While subsection *168 (3) authorizes municipalities to establish a retirement system by ordinance, nothing in the statute requires that they do so. A city charter may also establish a "system of retirement for elected officials." Since the City's plan was "available for elected local officials" when Forshee was in office, there was an "other plan" for the purposes of section 112.048(2)(a). Forshee has no right, therefore, to receive statutory retirement benefits. REVERSED.
MICKLE and BENTON, JJ., concur.
VAN NORTWICK, J., dissents with opinion.
VAN NORTWICK, Judge, dissents.
I respectfully dissent. While I agree with the conclusion of the majority opinion that section 112.048(2)(a), Florida Statutes (1993), does not require the City to prove that any other available retirement plan was adopted by ordinance, I would nevertheless affirm.
Here, Forshee does not contend that no other legally adopted plan was available generally to elected local officials. Rather, Forshee argues in part that the "other plan" of the City was not "available" to him because he was advised by the City that he would be denied membership in the plan due to his physical handicap. Thus, Forshee contends, because the City plan was not "available" to him, under section 112.048(2)(a) the City is obligated to pay retirement benefits to him. Based on the evidence submitted at trial, the trial court agreed with Forshee, finding that:
G. Plaintiff was told by the City of Jacksonville that he would be denied membership in the pension fund of the City of Jacksonville due to a physical handicap, to-wit: polio.
H. Plaintiff was inaccurately advised by the City of Jacksonville as to his ability to join the pension fund of the City of Jacksonville.
These factual findings formed a basis for the trial court's conclusion that Forshee was entitled to retirement benefits from the City under section 112.048.
It is a fundamental principle governing appellate review that a judgment of the trial court is presumed to be correct. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). This presumption of correctness is even stronger when reviewing a judgment based upon the factual findings of the trial court. See, Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984) ("The resolution of factual conflicts by a trial judge in a nonjury case will not be set aside on review unless totally unsupported by competent and substantial evidence."). Because here competent and substantial evidence in the record supports a finding that the City's "other plan" under section 112.048(2)(a) was not "available" to Forshee, I would affirm.
NOTES
[1] This section is identical to the version in effect at the time Forshee voluntarily left office.
[2] Sylvia Web Thibault testified that she was a council member from 1976 to 1991. Thibault applied for, and became a member of, the pension plan after she had been in office "for a good deal of time," but before she left office. Thibault testified that she was able to "buy back" and receive retirement credit for the time she was employed before she joined the plan.

As to appellant, the court found:
H. Plaintiff was inaccurately advised by the City of Jacksonville as to his ability to join the pension fund of the City of Jacksonville.
Appellant, who conceded he never actually applied to join, did not disclose the name of the person to whom he attributed this inaccurate advice.
[3] The circuit court specifically found:

K. The City of Jacksonville has not established by ordinance a contributory retirement system for those officials defined in Florida Statutes 112.048(2). The City of Jacksonville has not by ordinance set forth the rules for participation, the amount of contribution, the method of payment, or method of appropriation for payments due to those officials defined in Florida Statutes 112.048(2).
L. Plaintiff is entitled to benefits pursuant to Section 112.048 during the remainder of his life.
By pretrial motion and again at trial, the City asked the trial court to take judicial notice of article 16 of the City's Charter, which apparently established the City's plan. The trial court never acted on these requests for judicial notice.
Forshee argues on appeal that the City relies on evidence that was not presented to the circuit court since the circuit court did not take judicial notice of article 16. Because we conclude that the method by which the City's pension plan was established is not dispositive on the question whether it is an "other plan" for purposes of section 112.048(2)(a), we need not reach the judicial notice issue.
[4] The order provides:

1. The City of Jacksonville shall calculate the cost of the "buy back" Joseph B. Forshee would be required to pay for his term of service from 1971 through 1991. If the amount of said "buy back" is less than $40,826.80 the difference between the "buy back" computation and said amount shall be paid directly to Joseph B. Forshee and the "buy back" amount shall be paid to the General Employees Pension Plan of the City of Jacksonville to instate Joseph B. Forshee as a member of said pension plan. If the amount of the "buy back" is greater than $40,826.80, Plaintiff may pay said difference into the pension fund to be instated in said pension plan.
2. Upon being instated into the pension plan the City of Jacksonville shall pay to Joseph B. Forshee all sums due as a member of the General Employees Pension Plan of the City of Jacksonville.
[5] In any event, the evidence was uncontroverted that at least one council member who applied to join the plan indicated to Forshee that the application was going to be accepted. Before he retired, Forshee also knew that his own son, a City employee, had enrolled in the plan, the son's physical disability notwithstanding.