681 So.2d 871 (1996)
Latrell B. SMITH, Appellant,
v.
SEARS, ROEBUCK & CO., Appellee.
No. 95-3393.
District Court of Appeal of Florida, First District.
October 22, 1996.
Latrell B. Smith, pro se.
Ross McCloy of Harrison, Sale, McCloy and Thompson, Chartered, Panama City, for Appellee.
PER CURIAM.
Latrell B. Smith appeals a final judgment in favor of Sears, Roebuck & Co., appellee, in her action for breach of several contracts for improvements to her home. Mrs. Smith argues that the trial court erred in ruling that Sears was not liable for the acts of Darryl Adams. Mrs. Smith contends that Adams, acting as Sears' agent, entered into contracts for and performed additional work outside of the scope of her written contracts with Sears and that, as a result, Sears should be responsible for Adams' allegedly faulty performance of the additional work.
The conflicting evidence here relating to whether the additional work was performed on behalf of Sears or Adams' own company might have supported a different conclusion by the finder of fact. It is the function of the trial court, not the appellate court, however, to evaluate and weigh the testimony and other evidence introduced at trial to arrive at findings of fact. It is not our function to reweigh the evidence or to substitute our judgment for that of the trial court. Thus, the factual findings of the trial court, especially where factual conflicts must be resolved, will not be set aside on appellate review unless those findings are unsupported by competent and substantial evidence in the record. Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984).
*872 Here, after a full review of the record, we conclude that the trial court's findings in favor of Sears are supported by competent and substantial evidence. Accordingly, we affirm.
AFFIRMED.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.