720 So.2d 316 (1998)
Margaret ADAIR, Appellant,
v.
Robert ADAIR, Appellee.
No. 97-1811.
District Court of Appeal of Florida, Fourth District.
November 18, 1998.
Deborah Marks, North Miami, for appellant.
Stanley M. Newmark, Miami, for appellee.
WARNER, Judge.
The wife appeals a final judgment of dissolution of marriage in which the trial court designated the husband as the primary residential parent of the parties' children, determined that the husband was entitled to a special equity in the marital residence based on his premarital down payment on the home, and denied her claim for attorney's fees. We hold that the trial court acted within the discretion afforded by statute in designating the father as the primary residential parent. With respect to the calculation of the special equity award and denial of attorney's fees, we reverse.
At the time of the filing of the petition for dissolution, the parties had been married for eleven years. The marriage produced two minor children, both boys, ages seven and ten at the time of the final judgment. Prior to the birth of the children, the wife was employed by Southern Bell, making $26,000 plus benefits, and, at the time of the dissolution, she was able to return to her former employment. The wife had stayed home with the children since 1993, although she had begun working part-time at Publix by the time of dissolution. The trial court determined that the wife could and should re-enter the full-time work force and establish a salary comparable to her former one at Southern Bell. The evidence revealed that both the husband and the wife spent substantial time with the children, and the witnesses agreed that both parties are good parents. While the mother had been the primary caretaker, the witnesses testified to the father's capabilities as caretaker and the deep love between him and his sons, as evidenced by the numerous hunting and fishing trips that he went on with them.
*317 It is well settled that a trial court has broad discretion in child custody matters; its decision in that regard is reviewed for a clear showing of an abuse of discretion. See Ford v. Ford, 700 So.2d 191, 195 (Fla. 4th DCA 1997); Sullivan v. Sullivan, 668 So.2d 329, 329-30 (Fla. 4th DCA 1996); Collier v. Collier, 384 So.2d 697, 699 (Fla. 4th DCA 1980). Despite a conflict in the evidence, an appellate court will not disturb the trial court's custody decision unless there is no substantial competent evidence to support that decision. See Ross v. Bandi, 566 So.2d 55, 55 (Fla. 4th DCA 1990).
The trial court is charged with determining matters relating to the custody of minor children in accordance with their best interests. See § 61.13(2)(b), Fla. Stat. (1997); Race v. Sullivan, 612 So.2d 660, 661 (Fla. 4th DCA 1993). Section 61.13(3) provides a list of factors which the trial court should evaluate in considering issues of shared parental responsibility and primary physical residence. However, there is no statutory requirement that the trial court make specific written findings in a custody decision. See Murphy v. Murphy, 621 So.2d 455, 456-57 (Fla. 4th DCA 1993). In the instant case, the trial court stated that it had considered the criteria of section 61.13 and had concluded that the husband should be primary residential custodian of the children.
From a review of the evidence, we think that this decision is supported by substantial competent evidence. For instance, the first factor listed in the statute in considering to whom to award primary physical residence of the children is "the parent who is more likely to allow the child frequent and continuing contact with the non-residential parent." This factor is actually listed twice in the statute, thus impressing its considerable importance in primary physical residence decisions. See § 61.13(3)(a), (j). Throughout the divorce proceedings, the wife failed to evidence a willingness to encourage a close relationship between the children and the husband. Another factor to consider is the permanence of the existing custodial home. See § 61.13(3)(d), (e). The husband was awarded the marital home, which the wife indicated that she did not wish to retain. The children have grown up in the house, and thus they can continue in their home with their father.
The trial court found that both parties are good parents and that each was important to the lives and the upbringing of the children. Indeed, the evidence amply supports this determination. Yet, the trial court must make a determination that only one parent shall have primary residential custody of the children, and the statute specifies "[a]fter considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age or sex of the child." See § 61.13(2)(b). While the mother claims that the court's decision was based solely on the husband's objection to the wife's relationship with her new boyfriend, whom he classified as a drunk, we can find no indication that the trial court accorded any special significance to the evidence concerning the wife's relationship. Instead, the court's decision was an appropriate exercise of discretion in a very "close call" case. See Baldwin v. Baldwin, 576 So.2d 400, 401 (Fla. 5th DCA 1991).
While the wife does not dispute the husband's entitlement to a special equity in the marital home based on his premarital contribution, in her second issue, she asserts that she too is entitled to a special equity for her own contributions to the property from non-marital sources. However, she was unable to trace her non-marital funds to the purchase of the lot and home. The trial court rejected her claim, and based upon the record, we affirm.
Prior to equitably distributing the parties' other marital assets, the trial court determined that the equity in the marital home was $113,000. Of that amount, the court awarded the husband a $26,200 special equity, based on his premarital $14,800 down payment from non-marital sources plus accumulated gain, which the trial court calculated by using a seven percent per year increase in value. We agree with the wife that the trial court erred in its computation of the husband's special equity in the marital home when it applied an investment rate of return *318 and not the formula espoused in Landay v. Landay, 429 So.2d 1197, 1200 (Fla.1983):[1]
the correct formula to be used in situations where a spouse furnishes some but not all of the consideration for entireties property, may be stated thusly: in addition to that spouse's automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse's contribution bears to the entire consideration.
In Kennedy v. Kennedy, 448 So.2d 1227, 1227 (Fla. 2d DCA 1984), the husband had furnished a $6,000 down payment with non-marital funds in connection with the purchase of the marital home, for which the entire consideration was $46,000. In applying Landay, the second district computed the husband's special equity as follows: (.5)($6000/$46,000)= 6.5%. See id. The court then held that the husband was entitled to 56.5% of the value of the marital residence at the time of the dissolution action (his 50% in equitable distribution plus a 6.5% special equity). Applying Kennedy to the present case, the Husband's special equity should have been computed as follows: (.5)($14,800/38,800)= 19% × [113,000 (value of residence)] = $21,470. Accordingly, pursuant to Kennedy, which purports to apply Landay, the trial court's special equity award of $26,200 was error. We therefore reverse for the trial court to correct the amount of special equity awarded to the husband. We affirm the remaining issues regarding equitable distribution.
Finally, we reverse the trial court's denial of attorney's fees to the wife. Although the court equally divided the marital assets of the parties, the husband has significantly more income than the wife, even at the level she could make after returning to the full-time job market. Cf. Blackburn v. Blackburn, 513 So.2d 1360, 1360 (Fla. 2d DCA 1987). Moreover, the husband has considerably more non-marital assets, which may also be considered in determining a party's ability to pay for the expenses of the dissolution. See Kendall v. Kendall, 677 So.2d 48, 49 (Fla. 4th DCA 1996); Chandler v. Chandler, 624 So.2d 855, 856 (Fla. 4th DCA 1993). We thus reverse and remand for the trial court to award an amount for attorney's fees to the wife.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
SHAHOOD, J., and BRYAN, BEN L., Associate Judge, concur.
NOTES
[1] Although the home was titled solely in the husband's name, both the trial court and the parties appear to have treated it as entireties property. We, likewise, will treat it that way and apply Landay. We do not express an opinion as to Landay's, continuing viability in light of the equitable distribution statute because it has not been argued to us.