772 So.2d 546 (2000)
COLE TAYLOR BANK, an Illinois corporation, Appellant,
v.
Patricia SHANNON, individually, and Thomas Shannon, individually, Appellees.
No. 1D99-1628.
District Court of Appeal of Florida, First District.
September 1, 2000.
Rehearing Denied December 6, 2000.
*548 Keith T. Grumer and Maidenly Sotuyo-Macaluso of Grumer & Levin, P.A., Ft. Lauderdale and John H. Wilbur of Wilbur & Allen, Jacksonville, for Appellant.
James H. Post and R. Leanne McKnight of Smith Hulsey & Busey, Jacksonville, for Appellees.
VAN NORTWICK, J.
Cole Taylor Bank, which sought to recover damages from appellees, Patricia Shannon and Thomas Shannon, as alleged obligors under a line of credit agreement and promissory note, appeals a final summary judgment entered in favor of Patricia Shannon on the two counts of its complaint seeking to recover under the promissory note and to impose a constructive trust; and the final judgment in favor of Mrs. Shannon entered following a bench trial as to the count seeking to recover under the theory of unjust enrichment. Because we find that genuine issues of material fact remain as to the parties' intent to discharge the note, we reverse the summary judgment as to the claim on the promissory note (count I). We affirm summary judgment as to the claim for constructive trust (count IV). Finally, because competent, substantial evidence supports the trial court's findings on the unjust enrichment claim (count III), we affirm that judgment as well.

Factual and Procedural History
Thomas and Patricia Shannon, husband and wife, each owned 50% of a real estate development company based in Illinois. In October 1992, the Shannons jointly executed a home equity line of credit agreement and promissory note with Cole Taylor Bank in the principal amount of $450,000, secured by a mortgage on their residence in Illinois. The *549 proceeds drawn from the line of credit were used to finance the Shannons' real estate business. The credit agreement and note established a revolving line of credit which allowed advances and re-advances up to the credit limit for up to a five-year period and provided for payment of the entire balance at any time without extinguishing the line of credit.
During 1994, Cole Taylor advised the Shannons that their financial condition had become "questionable" and requested them to "find another bank." Accordingly, the Shannons paid off the outstanding balance on the note, and Cole Taylor released its mortgage on the Shannons' home. However, Cole Taylor did not mark the credit agreement and promissory note "canceled" or "paid," deliver those documents to the Shannons, or otherwise alter or destroy those loan documents.
In 1995, Thomas Shannon was diagnosed with cancer and, in January 1996, the Shannons relocated to the Jacksonville, Florida area so that Mr. Shannon could be near the Mayo Clinic where he was receiving treatment. The Shannons' Illinois residence was sold, and the Shannons began to conclude their business affairs in Illinois.
In the fall of 1995, Thomas Shannon received three letters from Cole Taylor advising that he had an available home equity line of credit with the bank. Attached to these letters were so-called "convenience checks" to be used to draw down the credit line. Between January 26, 1996 and September 18, 1996, Thomas Shannon used these checks to draw down approximately $449,000 on this line of credit. Approximately one month prior to his death on January 17, 1997, Thomas Shannon advised his wife about certain financial matters, including the draw-down on the line of credit at Cole Taylor Bank. Mr. Shannon had been making interest payments on this credit and instructed Mrs. Shannon to continue doing so. Patricia Shannon made several interest payments on the credit, but, in October 1997, the principal on the line of credit became due and was later declared to be in default.
In December 1997, Cole Taylor Bank filed suit against Patricia Shannon and Thomas Shannon, then deceased. At that time, a writ of garnishment was filed against certain certificates of deposit owned by Mrs. Shannon. Cole Taylor's suit against the Shannons consisted of four counts: a claim on the promissory note (count I), a claim for money lent (count II), a claim for unjust enrichment (count III), and a claim seeking to impose a constructive trust (count IV). Patricia Shannon moved for summary judgment, which was granted as to counts I, II and IV. The unjust enrichment count against Patricia Shannon was tried in a bench trial on October 30, 1998. Following the non-jury trial, on December 18, 1998, Mrs. Shannon submitted proposed findings of fact and conclusions of law to the trial court, and Cole Taylor was granted until January 11, 1999 to file a response. On December 29, 1998, Cole Taylor notified the trial court that it would not file a response. On March 5, 1999, by letter, the trial court notified counsel that it found the "facts and law to be in favor of Patricia Shannon" and requested counsel for Mrs. Shannon to submit a proposed final judgment. On March 8, 1999, Mrs. Shannon's counsel served a duplicate copy of the proposed findings and a form of final judgment. On April 14, 1999, the trial court entered findings of fact and conclusions of law and a final judgment, as submitted by counsel for Mrs. Shannon.

Summary Judgment
As this court explained in Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1095-1096 (Fla. 1st DCA 1999), rev. denied, 744 So.2d 453 (Fla.1999), a review of the grant of summary final judgment involves an interplay of several legal principles. The standard governing the determination of a motion for summary judgment is well-settled. "The purpose of a motion for summary judgment is to determine whether any issues of material *550 fact exist for resolution by a trier of fact." CSX Transp., Inc. v. Pasco County, 660 So.2d 757, 758 (Fla. 2d DCA 1995). The party moving for summary judgment bears the burden of proving a negative, that is, "the nonexistence of a genuine issue of material fact." Besco USA Int'l Corp. v. Home Savings of America FSB, 675 So.2d 687, 688 (Fla. 5th DCA 1996). If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party, and summary judgment must be denied. See Cox, 732 So.2d at 1095; see also Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995). Further, a trial court is not authorized to try or weigh facts in ruling on a motion for summary judgment. Cox, 732 So.2d at 1096; see also Jones v. Stoutenburgh, 91 So.2d 299 (Fla.1956). Finally, summary judgment should be granted cautiously, with full recognition of the right of a litigant to a jury trial on the merits of the case. See Cox, 732 So.2d at 1096, and Vandyk v. Southside Gun, Inc., 638 So.2d 138, 140 (Fla. 1st DCA 1994). On review, the appellate court must consider the evidence in a light most favorable to the nonmoving party and must draw all competing inferences in favor of the nonmoving party. See McCraney v. Barberi, 677 So.2d 355 (Fla. 1st DCA 1996).

Claim On The Note
As to the claim on the promissory note, Cole Taylor argues that it established every element of a prima facie case and that genuine issues of material fact remained concerning whether Cole Taylor had discharged the note as to Patricia Shannon. We agree.
A payee's possession of an original uncanceled promissory note raises a presumption of non-payment that shifts the burden of proof to the payor to establish payment or another defense. See Jacobs v. Becks, 355 So.2d 1241 (Fla. 1st DCA 1978). Challenges to a promissory note, mature and regular on its face, or to the debt it represents, must be made by affirmative defense. See Haycook v. Ostman, 397 So.2d 743 (Fla. 5th DCA 1981). Here, Patricia Shannon raised seven affirmative defenses, including accord and satisfaction, waiver, and estoppel. She contended that the obligation under the credit agreement and note had been paid in full in 1995 and that the loan draw down by Thomas Shannon in 1996 constituted a new credit arrangement between Cole Taylor and Mr. Shannon, individually, for which Mrs. Shannon had no liability.
Article 3 of the Uniform Commercial Code, codified in Florida in chapter 673, Florida Statutes, governs negotiable instruments and provides for the means by which an instrument, such as the note here, may be discharged. Under section 673.6041(1)(a), Florida Statutes (1997), an instrument may be discharged "by an intentional voluntary act" including, surrender of the instrument; destruction, mutilation or cancellation of the instrument; cancellation or striking out of the party's signature; or addition of words to the instrument indicating a discharge. Further, an instrument may be discharged by the person entitled to enforce an instrument agreeing not to sue or otherwise renouncing rights against the party obligated to pay the instrument by a signed writing. See § 673.6041(1)(b), Fla. Stat. (1997). Finally, in addition to the specific discharge provisions of article 3, under section 673.6011(1), the obligation of a party to pay an instrument may be "discharged ... by an act or agreement with the party which would discharge an obligation to pay money under a simple contract."[1] Under *551 this section, an oral agreement supported by consideration may be sufficient to discharge a party under an instrument. See, e.g., Brannon v. Langston, 375 So.2d 231 (Miss.1979); see also 6 Hawkland Uniform Commercial Code Series, § [Rev] 3-601:02 (1999); Restatement (Second) Of Contracts, ch. 12.
The issue presented here is whether there exists any genuine issue of material fact that the actions and intent of the parties discharged Patricia Shannon from the obligation of the note. The summary judgment before us does not contain any findings of fact. Certainly, there is evidence in the record that would support an inference that the bank intended to discharge the note at the time the credit was paid down in June 1994. Subsequent acts, however, such as the issuance of letters from Cole Taylor inviting Thomas Shannon to access the line of credit, Mr. Shannon's use of the convenience checks to draw on the line of credit in the amount of $449,000, and Patricia Shannon's payment of interest on such obligation, create a material issue of fact as to the actual intent of the parties to discharge Patricia Shannon. Accordingly, we conclude that it was error to grant summary judgment as to count I.

Claim for Unjust Enrichment
As noted, the claim for unjust enrichment was tried in a non-jury trial. As an initial matter, Cole Taylor argues that the trial court's adoption of the proposed findings of fact and proposed final judgment submitted by counsel for Patricia Shannon requires reversal, citing Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996). We cannot agree.
Florida appellate courts have criticized the practice of a trial court adopting verbatim proposed findings or a final judgment, see Waldman v. Waldman, 520 So.2d 87, 88 n. 4 (Fla. 3d DCA), rev. denied, 531 So.2d 169 (Fla.1988). Reversal is required, however, only when the signed judgment or a finding is inconsistent with an earlier pronouncement of the trial judge, see Ford Motor Co. v. Starling, 721 So.2d 335, 337 n. 4 (Fla. 5th DCA 1998), where the "appearance of impropriety so permeated the proceeding below as to justify a suspicion of unfairness," Hanson, 678 So.2d at 525, or where the record establishes that the final judgment does not "reflect the trial judge's independent decision on the issues of a case," Flint v. Fortson, 744 So.2d 1217, 1220 (Fla. 4th DCA 1999).
In the case before us, Cole Taylor had ample opportunity to present objections to the proposed findings and proposed final judgment or to submit its own proposals. There is no basis to find an appearance of impropriety in these proceedings and no evidence that the trial court failed to exercise its independent judgment in this case.
To recover against Patricia Shannon upon the theory of unjust enrichment, Cole Taylor was required to prove by a preponderance of the evidence that (i) benefits were conferred upon her, (ii) she either requested the benefits or knowingly and voluntarily accepted such benefits, (iii) benefits did, in fact, flow to her and (iv) under the circumstances, it would be inequitable to allow her to retain the benefits without paying the value thereof. See Turner v. Fitzsimmons, 673 So.2d 532, 536 (Fla. 1st DCA 1996).
The trial court expressly found that Patricia Shannon had no knowledge of the convenience checks drafted by Thomas Shannon until December 1996, after Mr. Shannon had spent the proceeds. The record contains no evidence to rebut Mrs. Shannon's testimony regarding her lack of knowledge. Cole Taylor argues that, nevertheless, *552 the trial court should have found from circumstantial evidence that Mrs. Shannon knowingly accepted the benefits of the credit line. For example, Cole Taylor contends that under section 674.406, Florida Statutes (1997), Mrs. Shannon was under a duty to examine bank statements and that, because bank statements from Cole Taylor were addressed and mailed to both Thomas and Patricia Shannon, Mrs. Shannon knew, or at least had constructive knowledge, that the convenience checks had been drafted and deposited into the Shannons' Cole Taylor checking account.
Without addressing the validity of appellant's interpretation of section 674.406 or its constructive knowledge theory, even if Cole Taylor's argument is correct, it was for the trial court, as the finder of fact, to weigh and to resolve conflicts in the evidence. As we have explained:
The conflicting evidence here ... might have supported a different conclusion by the finder of fact. It is the function of the trial court, not the appellate court, however, to evaluate and weigh the testimony and other evidence introduced at trial to arrive at findings of fact. It is not our function to reweigh the evidence or to substitute our judgment for that of the trial court. Thus, the factual findings of the trial court, especially where factual conflicts must be resolved, will not be set aside on appellate review unless those findings are unsupported by competent and substantial evidence in the record.
Smith v. Sears, Roebuck & Co., 681 So.2d 871 (Fla. 1st DCA 1996) (citation omitted).
Although there is circumstantial evidence in the record from which the trial court might have inferred knowledge on the part of Patricia Shannon, we find competent, substantial evidence to support the trial court's findings and judgment in favor of Mrs. Shannon on Cole Taylor's claim of unjust enrichment. As a result, the trial court's judgment must be affirmed. See, e.g., Cravero v. Dea, 39 So.2d 216 (Fla. 1949); Price v. Rome, 222 So.2d 252, 253 (Fla. 3d DCA 1969)(where there is substantial evidence to support the decision of the trial court, an appellate court will not substitute its judgment for that of the trial court in the absence of an abuse of discretion).

Claim for Constructive Trust
Count IV of Cole Taylor's complaint seeks to impose a constructive trust over the proceeds drawn down by Thomas Shannon in 1996. In this count, Cole Taylor alleges that Thomas and Patricia Shannon accessed the line of credit knowing that it was no longer secured by a mortgage and "knowingly withdrew the funds [and] enjoyed the benefits of the funds, while [Cole Taylor] remained unsecured in its indebtedness." This allegation was made in support of its charge that the Shannons intended to "defraud" Cole Taylor. Further, Cole Taylor alleged that the Shannons made "continuing efforts to conceal the fraud" by making monthly interest payments as they became due, so as to keep the account current. Cole Taylor therefore sought a constructive trust over "the proceeds" of the credit agreement specifically on the grounds that the Shannons procured the property "by fraud" or because "it was against an equity for the Shannons to retain the property."[2]
To prove fraud against Patricia Shannon, Cole Taylor was required to prove that she knowingly either made a false statement or breached a duty to disclose a material fact, upon which it justifiably relied *553 to its injury. Saunders Leasing Sys., Inc. v. Gulf Cent. Distrib. Ctr., Inc., 513 So.2d 1303, 1306 (Fla. 2d DCA 1987); Ribak v. Centex Real Estate Corp., 702 So.2d 1316 (Fla. 4th DCA 1997). The record is devoid of any evidence showing that Patricia Shannon accessed the credit line or made any false statement to Cole Taylor. The undisputed facts in the record also demonstrate that Cole Taylor could not have justifiably relied upon any representation or omission that Patricia Shannon could have made as to the unsecured status of the line of credit agreement and note, because it admitted that it knowingly and voluntarily released the mortgage.
Although the issue of fraud is not ordinarily a proper subject for summary judgment, see Nessim v. DeLoache, 384 So.2d 1341, 1344 (Fla. 3d DCA 1980), summary judgment in a fraud claim is appropriate where the facts relating to one of the essential elements are uncontroverted. See Peninsula Yacht Cay Dev., Inc. v. So. Floridabanc Sav. Assoc., 552 So.2d 1139, 1140 (Fla. 3d DCA 1989). Under the record before us, the trial court did not err in granting summary judgment in favor of Patricia Shannon on Cole Taylor's constructive trust claim.
Further, we note that there is no allegation in the complaint or evidence in the record that proceeds of the convenience checks exist as a distinct res or that such proceeds can be traced. In fact, Cole Taylor admits in its brief that the funds drawn by Thomas Shannon with the convenience checks were used to pay debts of the Shannons. Accordingly, Cole Taylor's allegations and the evidence in the record are also insufficient as a matter of law to establish a res on which to impose a constructive trust. See Trend Setter Villas of Deer Creek v. Villas on the Green, Inc., 569 So.2d 766, 768 (Fla. 4th DCA 1990)(a constructive trust may be imposed where the res is a specific identifiable property or it can be clearly traced in the assets of the defendant which are claimed by the party seeking relief); Abele v. Sawyer, 750 So.2d 70, 74 (Fla. 4th DCA 1999)(a court will not impose a constructive trust over a defendant's general assets).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
KAHN AND WEBSTER, JJ., CONCUR.
NOTES
[1] The rule for discharge for an instrument does diverge in one area from ordinary contract law. Although payment to the assignor of a contract discharges the obligor under the contract, unless notice of the assignment has been given to the obligor, see State v. Family Bank of Hallandale, 667 So.2d 257, 259 (Fla. 1st DCA 1995); First New England Fin. Corp. v. Woffard, 421 So.2d 590, 595 (Fla. 5th DCA 1982); discharge of an instrument by an assignor is not effective against a holder in due course without notice of the discharge. See § 673.6011(2), Fla. Stat. (1997). Of course, here, Cole Taylor is not a holder in due course without notice of any discharge.
[2] We do not read the complaint as stating a claim for the establishment of a constructive trust based upon a theory of "mistake," as asserted by Cole Taylor for the first time on appeal. We will not consider such a claim for the first time on appeal. See Dober v. Worrell, 401 So.2d 1322, 1323 (Fla.1981)(it is "inappropriate for a party to raise an issue for the first time on appeal from summary judgment"); Wildwood Properties, Inc. v. Archer of Vero Beach, Inc., 621 So.2d 691, 692 (Fla. 4th DCA 1993)(affirming a summary judgment because the grounds raised on appeal were not brought to the attention of the trial court in opposition to the summary judgment motion).