842 So.2d 168 (2003)
Sonia Simakova MILLER, Appellant,
v.
Daniel E. MILLER, Appellee.
No. 1D01-4899.
District Court of Appeal of Florida, First District.
March 4, 2003.
Rehearing Denied April 15, 2003.
*169 Ross A. Keene, Pensacola, for Appellant.
E. Jane Brehany, Pensacola, for Appellee.
HAWKES, J.
Appellant, Sonia Miller (the Wife) appeals the trial court's final order of dissolution of marriage which designated Appellee, Daniel Miller (the Husband) the primary residential custodian of the parties' minor children. As grounds, the Wife argues the trial court abused its discretion by designating the Husband primary residential custodian because the reasons cited by the trial court in support of its designation are not supported by the record, and do not satisfy the statutory requirements for custody determinations as set forth in sections 61.13(3)(a),(j), Florida Statutes. We find the trial court's reasons satisfy the statutory requirements of section 61.13(3), Florida Statutes, and the record contains a plethora of substantial competent evidence to support its designation. Accordingly, we affirm.
Section 61.13(3), Florida Statutes, requires a trial court, in deciding issues of shared parental responsibility and primary residence, to evaluate "all factors affecting the welfare and interests of the child" to determine the child's best interest. Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998); Mian v. Mian, 775 So.2d 357, 358-359 (Fla. 2d DCA 2000). It is well settled that a trial court has broad discretion in child custody matters, and its decision in that regard is reviewed for an abuse of discretion. Adair, 720 So.2d at 317; see also Sullivan v. Sullivan, 668 So.2d 329, 330 (Fla. 4th DCA 1996). Where reasonable persons could differ as to the trial court's ruling, there is no abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). "Despite a conflict in the evidence, an appellate court will not disturb the trial court's custody decision unless there is no substantial competent evidence to support that decision." Adair, 720 So.2d at 317; see also Undercuffler v. Undercuffler, 798 So.2d 867, 870 (Fla. 4th DCA 2001). Moreover, "there is no statutory requirement that the trial court make specific written findings in a custody decision." Adair, 720 So.2d at 317 (citing Murphy v. Murphy, 621 So.2d 455, 456-457 (Fla. 4th DCA 1993)); see also Ford v. Ford, 700 So.2d 191 (Fla. 4th DCA 1997).
Sub judice, the Wife argues the trial court failed to give weight to evidence indicating she should be designated primary residential custodian. We acknowledge the record contains evidence which could support a ruling designating her primary residential custodian. However, as this court has previously stated "[i]t is not our function to reweigh the evidence or to substitute our judgment for that of the trial court." Cole Taylor Bank v. Shannon, 772 So.2d 546, 552 (Fla. 1st DCA 2000) (quoting Smith v. Sears, Roebuck & Co., 681 So.2d 871 (Fla. 1st DCA 1996)); Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984). The appellate court merely determines whether the trial court's judgment is supported by substantial competent evidence. Cole Taylor Bank, 772 So.2d at 552; Smith, 681 So.2d at 871; Clegg, 458 So.2d at 1187.
In this case, the trial judge was faced with the always difficult task of determining which parent should be designated primary residential custodian, where the evidence could favor either parent. Despite there being no requirement, the trial judge provided a thorough, written evaluation of *170 each of the factors contained in section 61.13(3), Florida Statutes. Each of the trial judge's findings were supported by substantial competent evidence. We commend the trial judge for his very thorough consideration of each element of section 61.13(3), and the detailed written opinion delineating each factor considered. The final order of the trial judge is
AFFIRMED.
BARFIELD and POLSTON, JJ., concur.