HAWKES, J.
Kristi Dudley, the mother, appeals a final judgment of dissolution of marriage awarding primary physical residence for the parties’ minor child to Alexander Dudley, the father. We affirm.
We review a trial court’s decision regarding primary physical residence for an abuse of discretion. See Miller v. Miller, 842 So.2d 168, 169 (Fla. 1st DCA 2003). Because of this highly deferential standard, in a case such as that before us, where the evidence is in conflict, “ ‘an appellate court will not disturb the trial court’s custody decision unless there is no substantial competent evidence to support that decision.’ ” Id. (quoting Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998)).
Following an extensive evidentiary hearing regarding primary physical residence, the lower court entered judgment for the father, in relevant part, finding “the [mother] has repeatedly violated the Court’s previous orders in an effort to frustrate the [father’s] visitation with the minor child. The Court finds that the [mother] would in all likelihood frustrate the [father’s] visitation in the future.”
The record shows that, after the trial court entered an order granting the mother temporary custody, she relocated from Sneads, Florida to Starke, Florida, without notifying the father of the move or of her new address. She also cancelled the child’s regularly scheduled doctor’s appointment and scheduled an appointment with a new pediatrician in Starke without the father’s knowledge. At a second temporary hearing, the mother testified she applied for jobs outside the area, and declined a teaching position and other job offers in the area. She later moved back into the marital home, but immediately *485 went to the post office and closed the parties’ joint post office box without the father’s knowledge.
Evidence was offered to show that, when the father attempted to coordinate with the mother on routine parenting issues, such as when the child should begin sleeping in her own bed instead of with a parent, the mother was uncooperative and gave vague answers or changed her mind on issues previously agreed upon.
Additionally, the record indicates the mother and members of her family, on several occasions, made derogatory comments toward the father in the presence of the child when the father picked up the child for visitation. When the father arrived to pick up the child, the mother held the child tightly and, during most exchanges, would tell the child “Mommy’s working hard for you and fighting for you.”
One of the statutory factors a trial court must consider when determining primary custody, is which parent is more likely to allow the child frequent and continuing contact with the nonresidential parent. See § 61.13(3)(a), Fla. Stat. (2003). The trial court, sitting as the finder of fact, has the responsibility of determining the weight, credibility and sufficiency of the evidence, and its findings are clothed with a presumption of correctness. See Smiley v. Greyhound Lines, Inc., 704 So.2d 204, 205 (Fla. 5th DCA 1998). It is axiomatic that, when the trial court sits as the finder of fact, its findings are based on the weight it has given the evidence, and the inferences it has reached from the evidence.
Here, from the examples discussed above, the trial court could reasonably infer the mother was uncooperative and would be likely to attempt to frustrate future visitation. Because this finding is supported by competent, substantial evidence, the trial court’s order concluding it was in the best interest of the child for the father to be awarded primary physical residence is AFFIRMED.
DAVIS J., concurs, ERVIN, J., dissents with written opinion.