706 So.2d 409 (1998)
Mary Melanie CARD, Appellant,
v.
Paul D. CARD, Appellee.
No. 97-3129.
District Court of Appeal of Florida, First District.
March 6, 1998.
Jefferson W. Morrow of Jefferson W. Morrow, P.A., Jacksonville, for Appellant.
Harry B. Mahon of Mahon & Farley, P.A., Jacksonville, for Appellee.
*410 KAHN, Judge.
This is an appeal from an order designating the former husband, Mr. Card, as primary residential parent of three children. It is apparent from the ruling entered by the circuit judge that he did not find either of the parents to be unfit. Instead, the judge reviewed in his findings of fact the statutory factors set out at section 61.13(3), Florida Statutes (1995). The judge's consideration of these statutory factors marginally favored Mr. Card, and accordingly, the judge designated Mr. Card as the primary residential parent. We affirm, because Mrs. Card has not demonstrated any abuse of discretion.
When divorcing parents cede to the judicial branch of government the duty to decide the most intimate family issues, it is not unlikely that one or both parents will be less than satisfied with the decision. The bench and bar have for years now encouraged divorcing parents to resolve their differences through mediation. In effect, parents have been urged to make their own law, in the hope that they can better live with a decision that is their own, rather than a decision that is externally imposed. Where attempts at mediation or other settlement fail, or are not seriously undertaken, a court must decide. We reiterate that the evidence in this case suggests that neither parent is unfit. On the contrary, both appear to have been good parents to their children. This fact, however, does not relieve the trial court of its obligation to decide primary custody in a close case. We will not reverse in the absence of an abuse of discretion.
AFFIRMED.
MICKLE and DAVIS, JJ., concur