718 So.2d 867 (1998)
Lowell T. SCHOONMAKER, II, Appellant,
v.
Toni-Ann Elizabeth SCHOONMAKER, Appellee.
No. 97-3214.
District Court of Appeal of Florida, Fourth District.
September 2, 1998.
Rehearing Denied September 17, 1998.
*868 Jon D. Newman of Kramer, Ali, Fleck and Carothers, Jupiter, for appellant.
No brief filed for appellee.
PER CURIAM.
Lowell T. Schoonmaker appeals a final judgment of dissolution of marriage which awarded appellee, Toni-Ann Schoonmaker, primary residential custody of the couple's three minor children.
There was evidence at trial that either parent could have been designated the primary residential parent. We affirm because Mr. Schoonmaker has not demonstrated that the trial court abused its discretion in deciding primary custody in this close case. See Card v. Card, 706 So.2d 409 (Fla. 1st DCA 1998). In a custody case such as this one, an appellate court may find an abuse of discretion "only where no reasonable man would take the view adopted by the trial court." Ford v. Ford, 700 So.2d 191, 195 (Fla. 4th DCA 1997) (quoting Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)).
On our review of the trial court's decision, we must view the evidence in the light most favorable to Ms. Schoonmaker, the prevailing party in the court below. See Wilson v. Wilson, 504 So.2d 1278, 1279 (Fla. 1st DCA 1986). Factors favoring the mother include the following: (1) the paternal grandmother, with whom the father lives in New York, has shown that she may interfere with the mother's visitation if custody had been granted to the father; (2) the mother had been the primary caregiver during the marriage; (3) during times of turmoil and repeated relocations, the mother was "the stabilizing factor in the children's lives"; (4) the mother was always involved in the children's school and extracurricular activities and the children's welfare was always her primary focus; (5) the mother was more sensitive to the children's needs than the father; (6) during the marriage, the father "never quite viewed his Wife and his children as his number one priority;" (7) upon the whim of the husband, the family was "moved from New York to Florida, back to New York and back to Florida on several occasions"; (8) historically, the mother has not restricted the father's visitation; (9) according to Ms. Schoonmaker, the children's preference was to be with their mother and half-brother; and (10) there was evidence that the father was physically abusive to the mother during the marriage.
There was ample evidence in the record to support the trial court's ruling. The trial court was not bound by the testimony of the custody evaluator, but was free to judge the persuasiveness and credibility of that expert's testimony, in light of the court's knowledge and experience and the evidence in the case. See Gordon v. Smith, 615 So.2d 843 (Fla. 4th DCA 1993).
The final judgment states only that the children "will be best served by having the wife designated as the primary residential custodian." The judgment does not address whether the court intended to award sole or shared parental responsibility. Since there was no specific finding that shared parental responsibility would be detrimental to the children, it appears that the court intended to award shared parental responsibility. See Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA 1994); § 61.13(2)(b)2, Fla. Stat. (1997). This conclusion is supported by the trial court's granting of visitation without restrictions and encouragement to the parties to work out their own visitation schedule, attaching the court's schedule to the final judgment only as a fallback. We remand to the trial court to clarify whether it intended to award shared parental responsibility, and if so, to consider the application of Section 61.13(2)(b)2.a, Florida Statutes (1997), which provides that a court may grant one party the "ultimate responsibility" over specific aspects of a child's welfare.
On the issue of fees and costs we find no reversible error. We affirm the final judgment *869 and remand to the trial court for clarification consistent with this opinion.
DELL, SHAHOOD and GROSS, JJ., concur.