PALMER, J.
John McGrath (father) appeals the final judgment entered in this paternity action awarding Sonja Mountain (mother) authority to make religious and medical decisions *608 concerning the parties’ nine year old son. We affirm in part and reverse in part.
The father filed this paternity action requesting that the trial court establish his rights and responsibilities to the parties’ son. The mother filed a counterpetition agreeing that parental responsibility should be shared by the parties, but requesting that the court award her ultimate responsibility for making decisions regarding the child’s medical treatment and religious training.
A final adjudication of the father’s paternity was entered based upon the parties’ stipulation. The parties thereafter executed a partial settlement agreement, agreeing to share parental responsibility for their son but leaving unresolved the issue of which parent would possess the authority to decide whether the child would be immunized. The matter went to trial on the immunization issue.
The father presented testimony as to the benefits of immunization. The mother, a chiropractor who uses holistic medicine and homeopathy in treating her son, opposed immunization and presented evidence to support her position on both medical and religious grounds. The trial court issued a final judgment which adopted and incorporated the parties’ partial settlement agreement, but ruled that the mother would have the authority to make ultimate decisions regarding the child’s medical care and religious training. The father appeals, arguing that the trial court improperly ruled on matters which already had been agreed to by the parties in their partial settlement agreement, and that the evidence of record did not support the trial court’s decision to give the mother authority to make all religious and medical decisions regarding the child.
As for the broad scope of the trial court’s ruling, we agree with the father that the trial court erred in ruling on issues which were not presented at trial. The only issue presented to the trial court was the determination as to which parent should make the decision concerning the child’s immunization. Accordingly, the scope of the trial court’s ruling should have been limited to that issue. While the mother contends that the father tried the additional issues by consent, the record does not support this contention. Although some comments made by the father’s counsel during trial referenced medical issues, such references were related to the disputed issue of the child’s immunization.
With regard to the immunization issue, the trial court heard testimony as to the parents’ conflicting positions on immunization and decided that it would be in the child’s best interest to allow the mother to make the ultimate decision regarding the child’s immunization. Each party presented competent, substantial evidence, and the trial court properly weighed the evidence and ruled thereon. This court will not substitute its judgment for that of the trial court. Lonergan v. Estate of Budahazi, 669 So.2d 1062 (Fla. 5th DCA 1996).
Accordingly, we reverse the final judgment to the extent it authorizes the mother to unilaterally make ultimate decisions concerning the child’s religious training and medical care. We affirm the trial court’s ruling that the mother has the authority to make decisions regarding the child’s immunization.
AFFIRMED in part, REVERSED in part, and REMANDED for entry of a corrected order.
COBB and HARRIS, JJ., concur.