950 So.2d 527 (2007)
Reynaldo CASTILLO, Appellant,
v.
Ashley CASTILLO, Appellee.
No. 4D06-1833.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
Michael F. Amezaga of Michael F. Amezaga, P.A., West Palm Beach, for appellant.
*528 Orlando Gonzalez of Law Offices of Cameron, Davis & Gonzalez, P.A., West Palm Beach, for appellee.
WARNER, J.
In the final judgment of dissolution of marriage, the court designated the mother as the primary residential parent. The father appeals, claiming that the court did not carefully consider the applicable statutory factors and that its decision was not supported by competent substantial evidence. Because there is competent substantial evidence to support the trial court, and there is no requirement that the trial court make specific written findings in a custody decision, we affirm.
The trial court exercises broad discretion in making a child custody determination, and its decision is reviewed for a clear showing of an abuse of discretion. Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998). Under this standard, a trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). "Decisions affecting child custody require a careful consideration of the best interests of the child." Andrews v. Andrews, 624 So.2d 391, 392 (Fla. 2d DCA 1993); § 61.13(3), Fla. Stat. (2005). However, section 61.13(3) does not require the trial court to make specific written findings in a custody decision. See Murphy v. Murphy, 621 So.2d 455, 456-57 (Fla. 4th DCA 1993).
In this case, while the trial court did not make specific written findings regarding its analysis of the factors of section 61.13, the trial court stated that it had considered the criteria of section 61.13 and concluded that the mother should be the primary residential parent. The trial court, as the finder of fact, weighed disputed evidence and made credibility determinations. There was competent, substantial evidence to support its determination, although the evidence was conflicting. We will not disturb its decision simply because the losing party takes a different view of disputed evidence. See Adair, 720 So.2d at 317 ("Despite a conflict in the evidence, an appellate court will not disturb the trial court's custody decision unless there is no substantial competent evidence to support that decision.").
Affirmed.
GROSS and TAYLOR, JJ., concur.