985 So.2d 1203 (2008)
Fernando AGUIRRE, Appellant,
v.
Irma AGUIRRE, Appellee.
No. 4D07-1273.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
*1205 Troy W. Klein of Troy W. Klein, P.A., West Palm Beach, for appellant.
Maria Elena Pérez, Coral Gables, for appellee.
WARNER, J.
Appellant Fernando Aguirre appeals the trial court's final judgment dissolving his marriage to appellee. He claims that significant errors appear on the face of the judgment. He makes that claim because he has failed to provide a transcript of the final hearing for review. We agree that the judgment is facially deficient in its determination of child support, the equitable distribution of some assets, and that the determination regarding shared parental responsibility needs clarification. We affirm as to all other issues, as they require a transcript of proceedings to demonstrate reversible error.
Appellee wife filed a petition for dissolution of her fifteen-year marriage from appellant husband, who filed a counter-petition for dissolution. Both parties sought primary residential custody, sole parental responsibility, child support, alimony, equitable distribution of marital assets and liabilities, and attorney's fees. The wife sought exclusive use and possession of the marital home.
The court held a trial, but a transcript has not been provided on appeal. In its final judgment of dissolution of marriage, the trial court found that the wife works as a nurse and that the husband is temporarily unemployed. The court designated the wife primary residential custodian with the exclusive possession of the marital home, finding it in the best interests of the children. The court ordered the husband to pay child support in the amount of $350 per month for each child for a total of $700 per month. Finally, the court listed, valued, and ordered the division of marital assets as set forth in an exhibit attached to the court's order. The court assigned a value to two assets, land and a U.S. savings bond, but neglected to assign these assets to either party. The court did not place a value on life insurance proceeds, but provided that each party would receive 50%.
The husband appeals the final judgment, claiming that the court erred in (1) failing to make any findings with respect to his request for sole parental responsibility or make provision for shared parental responsibility as well as failing to set forth the factors which support the award of primary physical residence to the wife; (2) failing to make any determination on his request for alimony or attorney's fees; (3) awarding child support without making any determination of the parties' respective incomes; and (4) failing to distribute or value some assets in its equitable distribution scheme. The wife counters that the lack of a transcript precludes review. Klette v. Klette, 785 So.2d 562 (Fla. 1st DCA 2001). Although some of the issues require a transcript to review and determine whether such issues were ever raised, others show a deficiency of the judgment on its face. We therefore briefly address each issue.
*1206 The husband argues that the trial court erred in failing to address parental responsibility in the final judgment where he requested sole parental responsibility in his pleadings. While the judgment finds that it is in the best interest of the children that the wife have primary residential custody and authorizes a visitation schedule for the husband, the judgment does not address the issue of sole or shared parental responsibility. Schoonmaker v. Schoonmaker, 718 So.2d 867 (Fla. 4th DCA 1998), is directly on point and requires a remand to clarify the court's determination of shared parental responsibility. In Schoonmaker the trial court awarded the wife primary residential custody but the judgment did not address whether the court intended to award sole or shared parental responsibility. Since there was no specific finding that shared parental responsibility would be detrimental to the children, this court concluded that the trial court intended to award shared parental responsibility. Nevertheless, this court remanded to the trial court "to clarify whether it intended to award shared parental responsibility, and if so, to consider the application of Section 61.13(2)(b)2.a., Florida Statutes (1997), which provides that a court may grant one party the `ultimate responsibility' over specific aspects of a child's welfare." Id. at 868. We reach the same conclusion in this case and remand for the trial court to clarify its intent with respect to shared parental responsibility.
We reject, however, the husband's claim that the final judgment is fundamentally deficient for failure to make written findings of the section 61.13 factors regarding the best interests of the children for purposes of primary residential custody. While a court must consider these factors, there is no statutory requirement that a trial court make specific written findings in a custody determination. Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998); Murphy v. Murphy, 621 So.2d 455, 456 (Fla. 4th DCA 1993).
The court found that it was in the best interest of the children that the wife become their primary residential custodian. A finding that primary residential custody is in the "best interests" of the child, whether made in the final judgment or at trial, is sufficient to uphold a custody determination so long as there is substantial competent evidence in the record that permits the court to properly evaluate the relevant factors. See, e.g., Clark v. Clark, 825 So.2d 1016, 1017 (Fla. 1st DCA 2002); Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA 1994). Because there is no transcript of proceedings, we cannot review the evidentiary basis of the court's ruling, but the final judgment is not erroneous for failing to list the factors on which it relied in making its determination.
As to alimony and attorney's fees, the husband argues that the trial court erred in failing to address both issues in the final judgment when he requested alimony and attorney's fees in his pleadings. The wife counters that the lack of a transcript precludes review. Klette, 785 So.2d 562. Without a transcript, we cannot tell if appellant even made a request for alimony or attorney's fees at the trial or presented any evidence on these issues. Merely because his petition requested them as part of his claim does not mean that he raised them as issues at trial. Litigants frequently request relief in a petition or complaint that they later abandon during the course of proceedings. A trial court is not required to comment on every request for relief made in the original pleadings. On this issue, we agree with the wife that the lack of the transcript precludes review.
*1207 With respect to the equitable division of marital assets, the final judgment attached a list of assets, valued them, and directed their disposition between the parties, except as to the savings bond and the land. We reverse on this point to permit the trial court to re-examine the equitable distribution and allocate those two assets between the parties. As to the land, the trial court should also label it with a more precise description than simply "land."
We reject the husband's other contention as to valuation of the life insurance proceeds, which the final judgment does not value but divides equally between the parties. We cannot review this without a transcript as we do not know whether any evidence of valuation was introduced. A trial judge has no duty under section 61.075 to make findings of value if the parties have not presented any evidence on that issue. Simmons v. Simmons, 979 So.2d 1063, 1064 (Fla. 1st DCA 2008). Our decision in Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999), is distinguishable. There the court divided three assets, the marital home and two vehicles, by awarding the wife the husband's share of the marital home and distributing the vehicles. None of these assets were valued. Because of the apparent unequal division of assets without any valuation at all, we reversed. In addition, we noted that no one contended that there was no evidence of value presented at trial. Here, almost all of the assets were assigned a value and there was an equal division of assets. With respect to the value of the life insurance, the court marked its value as "?" which would indicate that it had not been presented with its value.
Finally, we reverse the calculation of child support. The court ordered the husband to pay $350 per month for each child, but it did not make any findings of the income of either party. A trial court's final judgment concerning child support is deficient in the absence of explicit factual findings concerning the actual incomes attributable to the parties, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income. Manolakos v. Manolakos, 871 So.2d 258, 260 (Fla. 4th DCA 2004) (citing Segall v. Segall, 708 So.2d 983, 988 (Fla. 4th DCA 1998)). A final judgment is facially erroneous, requiring remand, where it does not make any findings as to the net income of each party as a starting point for calculating child support or explain how the calculation was performed. Todd v. Guillaume-Todd, 972 So.2d 1003, 1007 (Fla. 4th DCA 2008). We therefore reverse and remand to the trial court to make the necessary findings with respect to income and then calculate the child support due.
Affirmed in part, reversed in part, and remanded with directions.
POLEN and TAYLOR, JJ., concur.