*986
 
 GERBER, J.
 

 In this dissolution case, the wife appeals from the circuit court’s orders establishing a time-sharing schedule regarding the parties’ minor children. She argues that the court erred by establishing the schedule: (1) without considering the children’s best interests; (2) without addressing parental responsibility; and (3) without creating a parenting plan. We agree as to the second and third arguments and reverse.
 

 At the end of the final hearing when the court granted the dissolution, the court stated the following regarding time-sharing:
 

 I think the children should be with the father Monday through Thursday. They should be on the first weekend of the month with the father, return to school on Monday morning.... [S]o long as [the husband does not] have a job I don’t see any reason the children shouldn’t be with [the husband] during the week and there’s no need for day care, after care, pre care, post care, or any other kind of care. On the three weekends a month which is the mother’s they will be returned to the father by 7:30 on Sunday evening.
 

 The wife objected to the time-sharing schedule on the ground that the husband presented no evidence justifying the reduction of her time with the children from twenty nights per month to six nights per month. The father responded that the court’s schedule provided better stability than the alternating night schedule which the court ordered during the pendency of the case. The court agreed with the father’s response.
 

 Following the hearing, the court entered a one-page order addressing matters which the parties raised during the final hearing. Regarding time-sharing, the order stated: “Father have from Sun nite at 7:30 p.m. to Friday am (school or other), Mother has 2nd, 3rd, & 4th weekends (Father 1st weekend).” The order did not state the basis for the court’s time-sharing schedule and did not address parental responsibility.
 

 The wife filed a motion for rehearing as to the time-sharing schedule. The motion argued that the court erred by failing to: (1) engage in a “best interest” analysis pursuant to section 61.13, Florida Statutes (2010); (2) order shared parental responsibility pursuant to section 61.13(2)(c)2., Florida Statutes (2010); and (3) establish a parenting plan pursuant to section 61.13(2)(b), Florida Statutes (2010).
 

 In response to the motion, the court entered an additional order stating: “The Court set a more stable relationship for the children and determined that it is in the best interest of the children pursuant to FS 61.13. The children have improved measurably in school work, etc.” The order also amended the time-sharing schedule to address time-sharing for Christmas and the children’s birthdays and spring vacation.
 

 The wife appealed both orders. She argues that the court erred by establishing the time-sharing schedule: (1) without considering the children’s best interests; (2) without addressing parental responsibility; and (3) without creating a parenting plan. Given these arguments, we review the orders for an abuse of discretion.
 
 See Beharry v. Drake,
 
 52 So.3d 790, 793 (Fla. 5th DCA 2010) (“A trial court’s custody or time sharing determination is reviewed under the abuse of discretion standard of review.”).
 

 We reject the wife’s first argument. It appears that the circuit court considered the children’s best interests in establishing the time-sharing schedule. In
 
 Winters v. Brown,
 
 51 So.3d 656 (Fla. 4th DCA 2011), we held:
 

 The determination of the best interests of the child is made by evaluating over
 
 *987
 
 twenty factors affecting the welfare and interests of the child. § 61.13(3), Fla. Stat. (2008). While a trial court need not address each of these factors independently, a trial court must make a finding that the time-sharing schedule is in the child’s best interests. The requisite findings must either be stated on the record or set out in the order. A trial court’s ultimate finding that an award of primary residential custody to one parent is in the best interests of a child is sufficient to sustain the award so long as there is substantial, competent evidence in the record that permits the court to properly evaluate the relevant factors.
 

 51 So.3d at 658 (other internal citations and quotations omitted).
 

 Here, the circuit court, in its order on the wife’s motion for rehearing, found that the time-sharing schedule was in the children’s best interests. Although the court did not address independently each of the twenty factors affecting the welfare and interests of the children under section 61.13(3), the court provided two grounds which fall within two of the factors. First, as stated on the record at the final hearing, the court found that the husband would be in a position to care for the children so that they would not require “day care, after care, pre care, post care, or any other kind of care.”
 
 See
 
 § 61.13(3)(b), Fla. Stat. (2010) (“The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties.”). Second, as stated at the final hearing and in the order on the wife’s motion for rehearing, the court found that moving away from the alternating night schedule and providing the husband with more time “set a more stable relationship for the children” and caused the children to improve “measurably in school work.”
 
 See
 
 § 61.13(3)(k), Fla. Stat. (2010) (“The demonstrated capacity and disposition of each parent to provide a consistent routine for the child, such as discipline, and daily schedules for homework, meals, and bedtime.”).
 

 Turning to the wife’s second and third arguments that the court erred by not addressing parental responsibility and not creating a parenting plan, we agree with the wife. “The statutes now require the court to create or approve a ‘parenting plan’ which establishes how divorced parents will share the responsibilities of chil-drearing and decision-making with regard to the child and sets forth a time-sharing schedule.”
 
 In re Amendments to the Fla. Family Law Rules,
 
 995 So.2d 445, 445 (Fla.2008).
 

 Here, the court did not create or approve any parenting plan, much less one which satisfies the requirements of section 61.13(2)(b), Florida Statutes (2010):
 

 A parenting plan approved by the court must, at a minimum, describe in adequate detail how the parents will share and be responsible for the daily tasks associated with the upbringing of the child; the time-sharing schedule arrangements that specify the time that the minor child will spend with each parent; a designation of who will be responsible for any and all forms of health care, school-related matters including the address to be used for school-boundary determination and registration, and other activities; and the methods and technologies that the parents will use to communicate with the child.
 

 Because the court did not create or approve a parenting plan, much less one which satisfies the requirements of section 61.13(2)(b), we are required to reverse the orders establishing the time-sharing schedule. It appears from Chapter 61 that a court is to determine a time-sharing
 
 *988
 
 schedule as part of its creation of a parenting plan, not as a separate determination.
 
 See
 
 § 61.13(3), Fla. Stat. (2010) (“For purposes of establishing or modifying parental responsibility and creating, developing, approving, or modifying a parenting plan,
 
 including a timesharing schedule,
 
 which governs each parent’s relationship with his or her minor child and the relationship between each parent with regard to his or her minor child, the best interest of the child shall be the primary consideration.”). Thus, the court must revisit its time-sharing schedule determination in consideration of the requirements of sections 61.13(2)(b) and 61.13(3).
 
 See Schoonmaker v. Schoonmaker,
 
 718 So.2d 867, 868 (Fla. 4th DCA 1998) (remand required on custody award for clarification as to whether trial court intended to award shared parental responsibility, where final judgment stated only that the children would be best served by having one parent designated as the primary residential custodian, but did not address whether the court intended to award sole or shared parental responsibility).
 

 To assist the court in creating a parenting plan, we remind the court that our supreme court has approved form parenting plans codified in Florida Family Law Rule of Procedure 12.995.
 
 In re Amendments to the Fla. Supreme Court Approved Family Law Forms,
 
 20 So.3d 173, 173-74 (Fla.2009). The court shall have the discretion to create the parenting plan based on the existing record or to schedule another hearing so that the parties may present further evidence related to the parenting plan’s requirements. As part of its creation of the parenting plan, the court is free to maintain or modify the time-sharing schedule'in consideration of the requirements of sections 61.13(2)(b) and 61.13(3). Until the court creates the parenting plan, however, the parties shall maintain the time-sharing schedule which was the subject of this appeal.
 

 Reversed and remanded.
 

 [1]
 

 CIKLIN and LEVINE, JJ., concur.
 

 . We find no merit in the wife's fourth argument on appeal, which we have chosen not to address in this opinion.