# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**RAHUL SCUDDER,**
Appellant,

v.

**FREEDA MARY SCUDDER,**
Appellee.

No. 4D19-2288

[May 6, 2020]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502018DR003667.

Stacy N. Beaulieu-Fawcett of Beaulieu-Fawcett Law Group, P.A., Delray Beach, for appellant.

Herman H. Tarnow of Tarnow & Associates Family Lawyers, PLLC, Naples, for appellee.

MAY, J.

The former husband appeals a final judgment that set timesharing, gave the former wife primary custody, granted her request to relocate the children to New York, and addressed other issues. The former husband argues the circuit court erred by:

(1) exceeding the scope of an order transferring the case from the Twentieth Judicial Circuit to the Fifteenth Judicial Circuit;

(2) changing the children's primary residence and providing for unequal timesharing;

(3) failing to strike the social investigator's testimony or allow the former husband to secure an expert;

(4) refusing to allow the former husband rebuttal time at trial;

(5) reserving jurisdiction to address financial issues concerning the children;

(6) failing to address all section 61.13 factors;

(7) allocating all travel expenses to the former husband; and

(8) dictating the method of communication between the former husband and children.

The former wife admits the judgment contains some minor errors and omissions, but suggests the whole judgment need not be reversed. We agree with the former wife. We affirm on issues 1-5; we reverse and remand on issues 6-8, and to correct a scrivener's error on issue 2.

The parties were married in India in 2001 and have three children. While living in the United Arab Emirates ("UAE"), the former husband and wife reached a marital settlement agreement ("MSA") that included child support, some financial issues related to the children, and a parenting plan that gave most of the timesharing to the former husband. The former husband later filed for dissolution of the marriage in the Twentieth Judicial Circuit (Collier County). The circuit court entered a final judgment dissolving the marriage and approving the MSA and parenting plan.

The former wife appealed. The Second District reversed and remanded the case, deciding the Twentieth Judicial Circuit failed to afford the parties an evidentiary hearing on jurisdiction. *Scudder v. Scudder*, 228 So. 3d 703 (Fla. 2d DCA 2017). The parties then stipulated to some issues. In March 2018, the circuit court entered the Agreed Final Order on Former Wife's Motion to Vacate the Final Judgment of Dissolution of Marriage and Final Order on Parenting Plan After Remand by the Second District Court of Appeal and Order Changing Venue to Palm Beach County, Florida ("agreed order").

The circuit court determined it had jurisdiction over the dissolution of marriage and approved the MSA, but concluded it did not have jurisdiction over the minor children, who had been residing with the former husband in Palm Beach County since December 2016. The court vacated provisions of the final judgment addressing the parenting plan and transferred the case to the Fifteenth Judicial Circuit.

The former husband filed a Petition to Determine Parenting Plan and Child Support in the Fifteenth Judicial Circuit. He asked the court to adopt the May 2016 Parenting Plan executed in the UAE, and to add a

provision to prevent removal of the children from the U.S. without consent of the other parent. Alternatively, he asked the court to create a parenting plan in the best interest of the children. He specifically asked the court to consider the former wife's removal of the children from the UAE in violation of the parenting plan and requested child support.

The former wife filed an answer and counter-petition. She asked the circuit court to determine custody, a parenting plan, child support, and to permit relocation of the children to New York. She argued the agreed order from the Twentieth Judicial Circuit vacated the existing parenting plan and provided for further proceedings to be considered as an initial proceeding. She alleged the children suffered emotional abuse due to the former husband's conduct. She contended the MSA was coerced and involuntary because she did not have counsel in the UAE, and the former husband pressured her with threats about the UAE's penalty for adultery—death.

She alleged the former husband failed to provide her with information about the children's schools, extra-curricular activities, and medical care. He occasionally refused her visitation. She claimed the former husband hit the oldest child and accused her of abusing him and being a threat to her brothers.

The parties agreed to the appointment of a child custody investigator to conduct a social investigation of the parents and children. The social investigator filed his report and recommendation.

On the third day of trial, the former wife called the social investigator as a witness. The former husband attempted to impeach the investigator with his deposition testimony, but the investigator had not reviewed and signed his deposition before trial. The court sustained the former wife's objection.

The day after the trial concluded, the former husband moved to reopen the case for additional evidence or to proffer that based upon his inability to fully cross-examine the social investigator. The former wife agreed to admit the deposition into evidence. The circuit court reopened the case to allow the former husband to cross-examine the investigator.

Before the trial resumed, the former husband moved to strike the investigator's testimony or to remove or disqualify him. Alternatively, he requested to call his own rebuttal expert. He argued the investigator's evaluation was not impartial as required by professional standards. The circuit court denied those motions.

The circuit court entered a "Final Judgment on Petition for Parenting Plan and Child Custody and on Counter-petition for Initial Custody, Parenting Plan, Child Support and Relocation." The court awarded the former wife 70.5% of the timesharing and granted her request to relocate to New York. The court reserved jurisdiction to address child support and other financial issues related to the children.

The former husband now appeals. He raises eight issues. We affirm five of them, three without further comment. We reverse the three remaining issues, which require a remand for further proceedings.

- ***Whether the Fifteenth Judicial Circuit exceeded its authority based on the agreed order? No.***

In his first issue, the former husband argues the agreed order transferring the case limited the scope of the proceedings to child custody and timesharing issues. The former wife responds that the order permitted the Fifteenth Judicial Circuit to determine all issues related to the children in an original proceeding. The agreed order states in part:

> Any further proceedings regarding the minor children and on the issue of whether the Parenting Plan executed by the Parties on May 11, 2016, shall be considered an initial proceeding rather than a modification proceeding. However, based upon the Stipulation of Settlement, this Court shall adopt the Parties' Parenting Plan dated May 11, 2016, without prejudice to the Former Wife asserting claims that the Parenting Plan should be vacated on any grounds she would assert, other than subject matter jurisdiction. Therefore, the Parenting Plan shall be in full force and effect, until the Court in Palm Beach County, Florida either adopts, vacates, or modifies the Parenting Plan.
>
> * * *
>
> Any further proceeding addressing timesharing, a Parenting Plan, and all other issues properly addressed under the UCCJEA shall be brought in Palm Beach County, Florida.

While not perfectly worded, the order states the children's issues would be considered as an initial proceeding rather than a modification proceeding. The Fifteenth Circuit Court interpreted the order precisely this way. And we see no error in it doing so. In fact, the Twentieth Judicial

4

Circuit had no jurisdiction to decide the children's issues. The Fifteenth Circuit correctly started from a clean slate.

The circuit court used a model schedule for parents living in separate states in determining the time-sharing. The evidence supported the court's decision. However, as the former wife concedes, the judgment includes a typographical error. The judgment gives 108 overnights to the former husband and 157 to the former wife. The court apparently meant 257 overnights to the former wife as it awarded 70.5% of the time to her. Upon remand, the court can correct this scrivener's error.

- ***Whether the circuit court erred in reserving jurisdiction to address child support and other child-related financial issues? No.***

Because some of these issues were addressed in the MSA, the former husband argues the circuit court erred in reserving jurisdiction. The MSA provided in part: "The appropriate party shall pay child support pursuant to Florida Child Support Statute." It also stated that the former husband would provide the children's health insurance and the parties would share uncovered medical expenses.

The former wife argues that all child-related issues were vacated by the circuit court for the Twentieth Judicial Circuit. Therefore, the Fifteenth Judicial Circuit correctly reserved jurisdiction to address the child-related financial issues. The former husband replies that only child custody issues remained for the Fifteenth Judicial Circuit to determine. We agree with the former wife.

The circuit court properly reserved jurisdiction because the change in custody and time-sharing necessarily requires a review of child support and other child-related financial issues. This does not however prevent the former husband from arguing that the MSA applies or the former wife from arguing she entered the MSA under duress.

- ***Whether the parenting plan fails to address all the requirements of section 61.13, Florida Statutes? Yes.***

Both parties agree that the parenting plan fails to address all of the requirements of section 61.13(2)(b), Florida Statutes. A parenting plan that does not meet these requirements is legally insufficient. *Ford v. Ford*, 153 So. 3d 315, 320 (Fla. 4th DCA 2014). We must therefore reverse and remand the case to the circuit court to complete the parenting plan.

We disagree with the former husband however that *Magdziak v. Sullivan*, 185 So. 3d 1292 (Fla. 5th DCA 2016), and *Munroe v. Olibrice*, 83 So. 3d 985 (Fla. 4th DCA 2012), control. In both of those cases, the circuit court failed to provide any parenting plan. As argued by the former wife, we find our decision in *Schoonmaker v. Schoonmaker*, 718 So. 2d 867 (Fla. 4th DCA 1998), instructive. There, we remanded the case to allow the court to clarify whether it intended shared parental responsibility and to determine which parent had ultimate responsibility over specific aspects of the children's welfare. *Id.* at 868-69. We reach the same conclusion here.

The circuit court addressed a number of section 61.13(b)(2) issues. For example, it ordered the parties to maintain a phone line in each home for the children to communicate privately with the other parent. While the mother's residence will determine school boundaries, the parenting plan neither addressed school registration nor other details of the children's education. The judgment also failed to address responsibility for extracurricular activities and details about health care decisions and costs. The court needs to address these issues. We therefore reverse and remand the case to the circuit court to address these aspects of the parenting plan.

- ***Whether the circuit court needs to address responsibility for travel expenses? Yes.***

Next, the former husband claims the circuit court failed to properly consider the parties' financial positions in addressing travel expenses. The court did not specify how the parents will share the travel costs. The judgment essentially burdens the former husband with the expenses for travel of less than four days' duration.

The circuit court found that both parties have good salaries and should be able to manage travel expenses. The former husband argues the former wife should share in the travel expenses. The former wife responds that only the children's travel expenses are a childrearing expense, and the child support guidelines provide the framework for equitably sharing these expenses. *Christ v. Christ*, 854 So. 2d 244, 248 (Fla. 1st DCA 2003).

The circuit court's finding that the parties each have the financial ability to share the children's travel expenses is based on the social investigator's report. The court did not receive any other testimony on the parties' current financial positions. Indeed, the court reserved jurisdiction to do just that. To the extent the parties need to know precisely how the travel expenses will be shared, the former wife agrees the case should be

6

remanded for clarification on this issue.  We therefore reverse and remand on this issue.

- ***Whether the circuit court erred in restricting the parties to an unrequested communication platform?  Yes.***

The judgment directs the parties to communicate with each other through Talking Parents, Family Wizard, or a similar app.  The former husband argues the circuit court did not have authority to restrict how they communicate because neither party requested that relief.  The parties previously agreed they could communicate by email and text messages as they had under the 2016 Parenting Plan.

The former wife agrees that neither party requested the circuit court to decide on the form of communication.  She claims the issue is moot however because the parties agreed to use Our Family Wizard.  The former husband replies the issue is not moot because he only complied with the judgment after he was denied a stay.

Section 61.13(2)(b) requires the court to "describe in adequate detail the methods and technologies that the parents will use to communicate with the child[ren]."  It does not however dictate the methods and technologies that can be used when the parents communicate with each other, and neither parent requested a specific means of communication.  Because this detail was not requested by either party, the provision limiting communication to Talking Parents, Family Wizard, or a similar app should be stricken.  *Escobar v. Escobar*, 76 So. 3d 958 (Fla. 4th DCA 2011).

- ***Summary***

The circuit court did not exceed its authority in addressing all the child-related issues and did not err in reserving jurisdiction to decide child-related financial issues.  We affirm the judgment on issues 1-5, but reverse and remand the case to the circuit court to:

- correct the scrivener's error regarding the number of timesharing days awarded to the former wife;

- address the additional requirements for a parenting plan pursuant to 61.13(2)(b);

7

- determine how the parties should share travel expenses in consideration of their present financial circumstances; and

- strike the specified means of communication between the parties.

*Affirmed in part; Reversed in part and Remanded for proceedings consistent with this opinion.*

WARNER and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***