# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1912
Lower Tribunal No. 18-10858
_____

**Gregory Roberts,**
Appellant,

vs.

**Anyzeila Diaz,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Law Office of Kimberly H. Schultz, P.A., and Kimberly H. Schultz, for appellant.

Bruce A. Arrick, P.A., and Bruce A. Arrick; Jay M. Levy P.A., and Jay M. Levy, for appellee.

Before LOGUE, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant Gregory Roberts ("Former Husband") appeals a final order denying his proposed timesharing schedule and modifying the existing timesharing schedule by adopting Appellee Anyzeila Diaz's ("Former Wife") proposed timesharing schedule. We affirm because we cannot review the factual issues on appeal without a transcript of the hearings below.

## I.    BACKGROUND

In June 2018, the trial court entered a Final Judgment of Dissolution of Marriage based on a Marital Settlement Agreement, which included a parenting plan and timesharing schedule. In February 2019, the Former Husband filed an Emergency Motion for Temporary Change in Parenting Plan due to a change in his work schedule. Following a hearing, the trial court made temporary changes to the timesharing schedule.

In February 2020, the Former Husband again moved to temporarily modify the timesharing schedule due to conflicts with his work schedule, and he submitted a proposed timesharing schedule. In response, the Former Wife also submitted a proposed timesharing schedule and asserted that the Former Husband's proposed timesharing schedule did not comport with the conditions of the parties' parenting plan.

On April 8 and April 10, 2021, the trial court conducted hearings on the Former Husband's motion. There are no transcripts in the record from either

2

of these hearing. On April 14, the trial court entered an order finding that the Former Husband's proposed timesharing schedule did not meet the timesharing requirements set forth in the parties' parenting plan. The court also found that the Former Mother's "proposed timesharing schedule offered to this Court at hearing meets all the timesharing conditions . . . ." Accordingly, the trial court ratified and approved the Former Wife's proposed timesharing schedule. The Former Husband appealed.

## II. STANDARD OF REVIEW

This Court reviews orders modifying timesharing for an abuse of discretion. Sordo v. Camblin, 130 So. 3d 743, 744 (Fla. 3d DCA 2014); Winters v. Brown, 51 So. 3d 656, 658 (Fla. 4th DCA 2011) ("An appellate court will not disturb the trial court's custody decision unless there is no substantial, competent evidence to support the decision."). "The decision of the trial court comes to this court clothed in a presumption of correctness, and the burden is on the appellant to demonstrate reversible error." Corridon v. Corridon, 317 So. 3d 1198, 1201 (Fla. 3d DCA 2021) (quoting Chirino v. Chirino, 710 So. 2d 696, 697 (Fla. 2d DCA 1998)).

## III. ANALYSIS

The Former Husband argues that the trial court had no jurisdiction to ratify the Former Mother's proposed timesharing schedule because the

Former Mother did not file a petition to modify timesharing. We disagree. It was the *Former Husband* who initiated the proceeding for modification of the timesharing schedule. The trial court was not bound to adopt the relief requested within Former Husband's motion to modify the parties' timesharing schedule.

Generally, both parties must be given notice and an opportunity to be heard prior to any modification. Wolfson v. Wolfson, 173 So. 3d 1136, 1138 (Fla. 3d DCA 2015), opinion clarified, 173 So. 3d 1146 (Fla. 3d DCA 2015). Here, the Former Husband filed a motion to modify the timesharing schedule and included a proposed schedule. The Former Wife responded with her own proposed timesharing schedule. The trial court then conducted hearings on two separate days. Although we do not have the benefit of transcripts, the trial court's order reveals that the Former Husband, Former Wife, and the Court Appointed Parenting Coordinator testified at the hearing. Therefore, the parties had adequate notice and an opportunity to be heard prior to modification.

The Former Husband also argues that the Former Wife did not demonstrate a substantial change in circumstances, which is required to modify a timesharing schedule. See § 61.13(3), Fla. Stat. (2021). However, because there are no transcripts of the hearings below, we are unable to

4

review this factual issue.  See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence . . . ."); see also Pierre v. Bueven, 276 So. 3d 917, 918 (Fla. 3d DCA 2019) ("Because there is no transcript of the final hearing, this Court is unable to determine whether there was competent, substantial evidence presented below that permitted the lower court to properly evaluate the section 61.13(3)(a)-(t) factors when it made its parental responsibility and time-sharing determinations.").

## IV.  CONCLUSION

Without a transcript of the trial court's hearings, we cannot properly resolve the factual issues on appeal.  As such, we are compelled to affirm.

Affirmed.