# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1392
Lower Tribunal No. 13-2364
_____

**Jessica Russell,
n/k/a Jessica Williams,**
Appellant,

vs.

**Joel Aronowicz,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Jessica Russell, n/k/a Jessica Williams, in proper person.

Angelena M. Root, P.A., and Angelena M. Conant (Fort Lauderdale), for appellee.

Before SCALES, LINDSEY and GORDO, JJ.

GORDO, J.

The Mother[1] appeals a final judgment granting the Father's[2] petition for modification for timesharing and parental responsibility of their one minor child. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). After entering a final judgment in 2014, the trial court entered a temporary modification in 2017 awarding the Father majority timesharing and parental responsibility due to the Mother's failure to meet the minor child's extensive mental health needs. "An appellate court will not disturb the trial court's custody decision unless there is no substantial, competent evidence to support the decision." Roberts v. Diaz, 343 So. 3d 156, 157 (Fla. 3d DCA 2022), reh'g denied (Aug. 17, 2022) (quoting Winters v. Brown, 51 So. 3d 656, 658 (Fla. 4th DCA 2011)). "[A] modification of a parenting plan and time-sharing schedule requires a showing of a substantial, material, and unanticipated change of circumstances." § 61.13(2)(c), Fla. Stat. (2022). To modify parental responsibility "the best interest of the child shall be the primary consideration." § 61.13(3), Fla. Stat. (2022). "The decision of the trial court comes to this court clothed in a presumption of correctness, and the burden is on the appellant to demonstrate reversible error." Corridon v. Corridon, 317 So. 3d 1198, 1201 (Fla. 3d DCA 2021) (quoting Chirino v. Chirino, 710

---

[1] Jessica Russell, n/k/a Jessica Williams.
[2] Joel Aronowicz.

So. 2d 696, 697 (Fla. 2d DCA 1998)). While this Court does not have the benefit of a transcript here, the trial court's order described that the Mother, the Father, the Guardian Ad Litem ("GAL") and the minor child's therapist Dr. Howard Marcus, all testified at the hearing. The trial court's well-written order found there was a substantial, material and unanticipated change of circumstances that warranted the timesharing and parental responsibility modification and was in the best interest of the minor child. Finding no error in the trial court's detailed seventeen-page final judgment, as it thoroughly considered the modification pursuant to the requisite twenty statutory factors listed in section 61.13(3)(a)–(t), Florida Statutes, we affirm.

Affirmed.